Landon, J.
Tbe appellant concedes that tbe main question was as to tbe application of payments. Tbe respondent concedes that there is an actual error of $6.73 allowed tbe respondent as of date Aug. 15, 1871, making with interest as of Oct. 20, 1885, $13. which ought to be deducted.
It seems clear from the order of Aug 15, 1871, that the Hall judgment of $319.21 must be applied as of that date with interest from July 8, 1865, — the interest was $136.36. This judgment seems to have been applied as of date July 8, 1865. To apply it of the latter date would be to apply it upon the interest upon plaintiff’s demands, and would give the plaintiff a new rest from which to compute interest without changing his principal. To rectify this error it is necessary to allow the appellant a credit of $136.36 with interest from Aug. 15, 1871, to Oct. 2, 1885, amounting to $261.29. Those errors are apparent from the computations submitted by counsel for the respective parties, and though not apparent upon the face of the findings of the court, we think they are sufficiently made to appear to *106 justify their correction. We have examined other alleged errors in application and computation, but we cannot find anything in the findings of the court, or in- the request submitted by the appellant for findings to enable us to determine whether-any such alleged errors exist.
The appellant objects to an item of $60, allowed as one of the items of costs, by an order of retaxation of several bills in 1874. The defendant exhausted his remedies by appeal from that order. Besides he accepted such part of it as benefited him. At this late day the order of retaxation ought not tobe reopened collaterally.
The plaintiff had nine special term orders, in each of which there was an allowance to him of ten dollars costs. All of these orders were made more than six years before the commencement of this action. We think the trial judge was right in holding that they were not barred by the statute of limitations. Whatever the rule might be in case there had been no mutual accounts, it is unnecessary to decide, but the evidence in this case would justify the finding that as a judgment or order granting costs was obtained by either party against the other, the amount thereof was regarded by both parties as an additional item in the account current between them.
The judgment should be modified as of date October 20, 1885, by deducting therefrom $274.29 and as so modified, affirmed without costs.
The order appealed from should be affirmed with $10 costs and printing disbursement. After trial and before judgment the court permitted the plaintiff to amend his complaint so as to conform to the proofs and the decision, and also allowed the defendant to amend his answer but not to make it inconsistent with the original answer.
The plain purpose of this was to have the pleadings state the issues disposed of, not to allow new ones to be made. The defendant so amended his ansiver as obviously to raise an issue not tried, and the court struck out so much of his answer as did this. This was right, otherwise further trial Avould have been necessary. It seems to have been a mere question of form and in no way involved a substantial right.
LeaiíNED, P. J., and Bocees, J., concur.